UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| RUBY CAUDILL CORNETT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 10-180-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Ruby Caudill Cornett ("Cornett" or "the Claimant") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 6, 7] Cornett argues that the Commissioner erred in finding that she is not disabled. In relevant part, Cornett asserts that the Administrative Law Judge ("ALJ") assigned to conduct the administrative hearing did not give adequate weight the opinion of her treating physician. Further, she argues that the ALJ did not properly consider combined effects of her impairments or the "durational requirements" of the ability to perform substantial gainful activity. Cornett seeks to have this matter remanded for an award of benefits or further factual findings on the issues raised in her summary judgment motion.

Conversely, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. Having reviewed the administrative record and

having considered the parties' arguments, the Court agrees with the position taken by the Commissioner. Accordingly, the Commissioner's motion for summary judgment will be granted and the relief requested by Cornett will be denied.

**I.**

Cornett was injured at work in September 2005, and filed an action to recover workers' compensation benefits. Medical records and testimony reflect that the injury occurred as Cornett was reaching overhead for a box of supplies and experienced severe pain in her neck and right shoulder. Although doctors disputed the extent and duration of her injuries, Cornett's case was ultimately settled and she received a monetary award reflecting an 8% permanent impairment. Approximately seven months later, Cornett was involved in an automobile accident, resulting in an injury to her lower back. [Tr., pp. 44-45]

On May 16, 2006, Cornett filed applications for disability insurance benefits under Title II and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. She alleged a disability beginning on the date of her work-related accident (September 18, 2005). Cornett's claims were denied initially and upon reconsideration. [Tr., pp. 72-85] Thereafter, an administrative hearing was held by video teleconference before ALJ Roger L. Reynolds on January 7, 2008. Cornett appeared at the hearing along with her attorney, Roger Riggs, and a vocational expert ("VE"), Joyce Forrest. [Tr., pp. 27-59] In a decision dated March 15, 2008, ALJ Reynolds found that Cornett had physical impairments, but was capable of performing a range of light and sedentary work, subject to several limitations. [Tr., pp. 16-26] As a result of

this finding, the ALJ concluded that Cornett was not entitled to disability insurance benefits or supplemental security income. [Tr., p. 26]

Cornett request for review of the ALJ's decision by the Appeals Council was denied on May 18, 2010. [Tr., pp. 1-4] This action was timely filed following this final administrative determination.

## II.

Cornett was forty-nine years old at the time of the administrative hearing before the ALJ. [Tr., p. 32] She dropped out of school in the ninth grade, but later obtained a general equivalency diploma ("GED"). Cornett has work experience as a nurse's assistant, teacher's aide, and housekeeper. [Tr., pp. 33] Cornett claims that she became disabled as of September 18, 2005, due to chronic neck pain, secondary to degenerative disc disease of the cervical spine with disc bulges at C5/6, C6/7; and low back pain.[1] The ALJ found these impairments to be severe. [Tr., p. 18] However, after reviewing all medical evidence and considering Cornett's age, education and work experience, he concluded that the she retained the residual functional capacity ("RFC") to perform a modified range of light and sedentary work. In making this determination, the ALJ considered the testimony of the vocational expert concerning jobs in the national and regional economies that Cornett was found capable of performing even in view of her restrictions. [Tr., pp. 21-25]

---

1  She also claims to be impaired due to numbness in her hands and arms. Cornett also has a history of right wrist drop or weakness of the extensor muscles of the right hand. However, this particular impairment was resolved by the time of the hearing before the ALJ. [Tr., pp. 18]

In reaching his decision, the ALJ specifically addressed the nature and effect of the Cornett's impairments on her ability to perform light and sedentary work, with restrictions. Additionally, the ALJ considered Cornett's testimony and found it to be inconsistent and contradictory when compared with other evidence in the record. As a result, the ALJ found that Cornett was not entirely a credible witness. [Tr., p. 23] Further, and as discussed more fully below, ALJ Reynolds specifically considered all medical reports, including those of the Claimant's treating physician, Dr. Eiyad Alchureiqui. [Tr., pp. 22-24]

**III.**

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). In the present case, the Court's analysis proceeds through all five steps.

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). Second, the claimant must show that she suffers from a severe impairment. 20

C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual functional capacity and relevant past work to determine whether she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which

decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

**IV.**

Cornett assert that the Commissioner's decision should be reversed for five reasons. The second enumerated reason (whether the ALJ gave an adequate reason for refusing to accept the opinions of the treating physician) is related to the first (whether the ALJ met the required standard of giving appropriate weight to the opinion of the treating physician). Additionally, Cornett contends that the ALJ failed to consider the combined effects of her impairments (issues three and five[2]) as well as the durational requirements of performing substantial gainful activity (issue four).

---

2     Although Cornett refers to the failure to give consideration to the evaluation of a consultative psychologist in issue five, the record does not contain medical records to support this argument. The issue is not otherwise developed in her supporting memorandum.

## A. The Opinions of Cornett's Treating Physician

A treating source's opinion as to the nature and severity of a claimant's impairments will be given controlling weight provided it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Rogers*, 486 F.3d at 242 (internal quotation omitted) (alteration in original). If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must give "good reasons" for his decision. *Id.* These reasons must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5).

In the present case, the Court finds the Claimant's first and second arguments to be misplaced because the ALJ fully considered the records and opinions of Cornett's treating physician and explained the weight given to it. As the Commissioner correctly points out, the only medical evidence cited by Cornett in support of this argument is the one-page RFC report from Dr. Alchureiqui which appears to have been prepared sometime in December 2007 at the request of her attorney. [Tr., p. 222] Contrary to her attorney's claims, the ALJ did not refuse to give weight or adequate consideration to this report. Instead, the record reflects that the ALJ considered but gave it little weight because it was contrary to the objective medical evidence in the record.

> Dr. Alchureiqui's residual functional capacity assessment form, appearing at Exh 12F, reported that the claimant can do nothing whatsoever, including sitting or walking, although she may sand for one hour. This assessment is inconsistent with the claimant's activities of daily living, which includes caring for a toddler

granddaughter while the claimant's own daughter attends GED classes. Dr. Alchureiqui's assessment is also inconsistent with the objective medical evidence, and can be accorded little weight. At her hearing, the claimant sat and walked normally.

[Tr., p. 20] The conflicting medical evidence referenced by the ALJ includes Dr. Alchureiqui's own medical records of treatment[3], Dr. Robert Hoskin's workers' compensation report dated February 10, 2006 (recognizing an 8% impairment, but only limiting the Claimant to lifting and carrying 15 pounds with the right upper extremity, no prolonged work with the right upper extremity, no raising of the right upper extremity above 90 degrees, and no carrying, pushing, or pulling with the right upper extremity); Dr. Gary T. Bray's independent medical evaluation dated March 23, 2006 (addressing, in part, Cornett's degenerative changes at the C5/6 level, but concluding that she had no permanent functional impairment and could return to work if she avoided reaching or lifting above the shoulder level); an MRI dated August 9, 2006 (reflecting some degenerative disc disease with bulges); the assessment of the Kentucky Disability Determination Services which concluded that Cornett could perform "medium" level work; and the conservative treatment and medications prescribed for Cornett's complaints of pain. [Tr., pp. 19-22]

With respect to the weight given to Cornett's testimony, the Court notes that the ALJ is charged with the responsibility of observing the demeanor and credibility of witnesses –

---

3   The Commissioner accurately summarizes in his brief Dr. Alchureiqui's treatment history of Cornett as reflected in the medical records. This includes treatment for occasional neck pain, problems with right wrist drop which later resolved, some decreased motion and sensation in the Claimant's right hand. These records also reflect the treating physician's opinions about Cornett's ability to walk during an eight-hour day which conflicted with his later conclusions. Dr. Alchureiqui made no attempt to explain the contradictory opinions contained in the report filled out in December 2007 at the request of Cornett's attorney. Likewise, the later opinion which was submitted over a year after the June 2006 MRI is not supported by other diagnostic testing or medical evidence.

including the claimant. *Bradley v. Sec'y of Health and Human Servs*, 862 F.2d 1224, 1227 (6th Cir. 1988) (*citing Kirk v. Sec'y of Health and Human Servs*, 667 F.2d 524, 538 (6th Cir. 1981)). Therefore, his conclusions regarding credibility should be highly regarded. *Id*. Here, the ALJ provided sufficiently detailed reasons for the determination that Cornett's testimony was not entirely are not credible. After reviewing the relevant facts, including Cornett's testimony and daily activities, the ALJ concluded that her "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's] residual functional capacity assessment." [Tr., p. 23] This finding is entirely supported by the record which includes the ALJ's personal observations of Cornett's ability to sit and walk without difficulty during the administrative hearing. *Tyra v. Secretary of Health and Human Services*, 896 F.2d 1024 (6th Cir. 1990) (recognizing that an ALJ may base decision regarding credibility of claimant on personal observations).

In summary, Cornett has not identified any treating physician's report that was ignored or given improper weight or consideration by the ALJ. Instead, the ALJ fully considered all relevant medical and other evidence in concluding that the Claimant had the residual functional capacity to perform light and sedentary work, subject to identified limitations. In light of the objective medical evidence in the record, this decision is supported by substantial evidence.

### B. Combined Effect of Impairments

Cornett also argues that the ALJ did not consider the cumulative effect of her impairments. [Record No. 6, pp. 3-4] The ALJ is required to consider the combined effect of all the claimant's impairments in determining whether the claimant is disabled. 20 C.F.R. § 404.1523; 20 C.F.R. 416.923. The Sixth Circuit has held that "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (citing *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)).

ALJ Reynolds made a specific finding that Cornett "does not have an impairment *or combination of impairments* that meets or medically equals one of the listed impairments" in the applicable regulations. (Emphasis added.) [Tr., p. 19] He also made multiple references in his decision to Cornett's "impairments" (plural) and discussed each impairment in detail. [Tr., pp. 19-23] Accordingly, the Court finds this argument to be without merit.

### C. Ability to Hold a Job for a Significant Period of Time

Finally, Cornett cites, *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999), for the proposition that "substantial gainful activity means more than merely the ability to find a job and physically perform same. It also requires the ability to hold the job for a significant period of time." [Record No. 6, p. 4] She complains that the ALJ erred in failing to consider this case. However, this Court has considered *Gatliff* on a number of occasions and repeatedly rejected any

suggestion of a separate durational requirement. *See Miracle v. Astrue*, U.S. Dist. Ct., E.D. Ky., Southern Div. at London., No. 6: 10-177-DCR (E.D. Ky., Dec. 15, 2010); *Wilson v. Astrue*, No. 10-89-DCR, 2010 U.S. Dist. LEXIS 109750 (E.D. Ky., Oct. 13, 2010); *Durham v. Astrue*, No. 09-202-DCR, 2010 U.S. Dist. LEXIS 15382, at *16-*17 (E.D. Ky., Feb. 22, 2010); *Johnson v. Astrue*, No. 08-298-JBC, 2009 U.S. Dist. LEXIS 71516, at *7-*8 (E.D. Ky. Aug. 10, 2009); *Wilder v. Astrue*, No. 08-108-KSF, 2009 U.S. Dist. LEXIS 20170, at *18 (E.D. Ky. Mar. 12, 2009); *Garland v. Astrue*, No. 07-181-DLB, 2008 U.S. Dist. LEXIS 45270, at *16 (E.D. Ky. June 10, 2008). Instead, the Court assumes that "[i]mplicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment." *Garland*, 2008 U.S. Dist. LEXIS 45270, at *16. Thus, the RFC set out in ALJ Reynonds' decision reflected his determination of the type of work Cornett could perform for a significant period of time. *See id.*

## V.

Cornett suffers from several physical impairments. However, the Commissioner has correctly concluded that those impairments, either alone or in combination, are not severe enough to warrant an award of Supplemental Security Income or disability insurance benefits. Viewing the record as a whole, substantial evidence supports the Commissioner's determination that Cornett is not disabled as that term is defined under the Social Security Act. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Ruby Caudill Cornett's Motion for Summary Judgment [Record No. 6] is **DENIED**;

(2) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 7] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 20th day of December, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge